[Civ. No. 1533.   Second Appellate District.—March 19, 1915.]

## MRS. W. A. NICHOLS, Respondent, v. B. F. WOLF et al., Appellants.

ACTION FOR POSSESSION OF LAND—FINDINGS—INSUFFICIENCY OF.—In an action to recover possession of certain land, where it is alleged that plaintiff was in possession and entitled to possession, and defendants without right ejected plaintiff therefrom, and unlawfully withheld possession, and that plaintiff was damaged in a certain amount, findings: "1. That the plaintiff had peaceful, adverse and uninterrupted possession of the property described in plaintiff's second amended complaint from 1903 to 1911, paying taxes on the same during the eight years above mentioned; and 2. That about April 1, 1911, defendants commenced claiming right and title to a portion of said above mentioned property, to wit: about 61 9/10 feet off the southern portion of said land, running the full length of said land," were insufficient to warrant the conclusion that plaintiff was seized or possessed of the land at the time of the entry by the defendants, and they do not support a judgment in plaintiff's favor for possession, nor against defendants for damages.

ID.—FINDINGS—EVIDENTIARY AND ULTIMATE FACTS.—Where a finding is of the evidence and not of the fact in issue, it will not aid the judgment unless the evidentiary facts thus determined carry with them by necessary implication the ultimate fact which should have been determined.

APPEAL from a judgment of the Superior Court of Los Angeles County.   E. N. Rector, Judge presiding.

The facts are stated in the opinion of the court.

27 Cal. App.—1

Hammack & Hammack, for Appellants.

R. F. Cook, and Morton, Hollzer & Morton, for Respondent.

CONREY, P. J.—This is a controversy over the title to a strip of land on the southerly side of a larger tract described in the complaint. The complaint alleged that on March 1, 1912, while the plaintiff was seized and in possession and entitled to the possession of the entire parcel described, the defendants, without right or title, entered upon that portion thereof constituting the premises demanded herein and ousted and ejected plaintiff therefrom and now unlawfully withhold the possession from plaintiff to her damage in the sum of one hundred and fifty dollars. By their answer defendants denied plaintiff's alleged title, possession, and right of possession; denied that while plaintiff was seized of said land the defendants without right or title entered into possession of the demanded premises, and denied that they ousted plaintiff therefrom; denied that they unlawfully withhold possession from plaintiff, and denied that plaintiff has been damaged thereby. In other words, by their answer defendants admit that they have taken and hold possession of the strip of land, and claim that they did so lawfully and that plaintiff is without title or right of possession.

Defendants appeal from a judgment in favor of plaintiff awarding to plaintiff possession as demanded and damages for the use and detention thereof in the sum of seventy-five dollars. The record on appeal consists of the judgment-roll. It is claimed by appellants that the judgment should be reversed because the findings of fact do not show that plaintiff was ever seized of the property or had title thereto, and do not show that there was any ouster of the plaintiff; that the facts that were found are not such as entitled plaintiff to a judgment for possession or for damages. The findings of fact, exclusive of the formal recitals, are in the following words: "(1) That the plaintiff had peaceful, adverse and uninterrupted possession of the property described in plaintiff's second amended complaint from 1903 to 1911, paying taxes on same during the eight years above mentioned. (2) That about April 1, 1911, defendants commenced claiming right and title to a portion of said above mentioned property, to wit: about 61 9/10 feet off the southern portion of said land,

running the full length of said land.'' The second of these two findings is of no effect whatever. The mere fact that defendants commenced claiming right and title to the land was not an interference with plaintiff's possession. As to the first finding, it deals with material evidentiary facts which are not alone a sufficient equivalent to the ultimate fact of ownership, and does not find this ultimate fact. Where a finding is of the evidence and not of the fact in issue, it will not aid the judgment unless the evidentiary facts thus determined carry with them by necessary implication the ultimate fact which should have been determined. It nowhere appears in the record that the adverse possession was under claim of title or that it was founded upon a written instrument. Even assuming that the adverse possession so found was under a claim of title, the facts as found do not meet the requirements of section 325 of the Code of Civil Procedure, by which the finding must be tested. It is not found that the property while in the possession of plaintiff was protected by a substantial inclosure, nor that it was usually cultivated or improved, nor that the plaintiff while so occupying has paid all the taxes which have been levied and assessed upon the land. The payment of some of those taxes would not alone meet the requirement. The court further neglected to find that the plaintiff was in possession of the property at the time of entry by the defendants.

These findings are not sufficient to warrant the conclusion that the plaintiff was seized or possessed of the strip of land in question at the time of entry by the defendants. They do not support a judgment for possession, and particularly they do not support the judgment against the defendants for damages.

The judgment is reversed.

James, J., and Shaw, J., concurred.